IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROHAN KIRK WHITE,                :
                                 :
         Petitioner              :
                                 :
    v.                           :    CIVIL NO. 4:CV-13-2491
                                 :
THOMAS DECKER, ET AL.,           :    (Judge Brann)
                                 :
         Respondents             :

**MEMORANDUM**

April 25, 2014

**Background**

Rohan Kirk White filed this pro se petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, regarding his detention by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the York County Prison, York, Pennsylvania.  Named as Respondents are ICE District Director Thomas Decker, Warden Mary Sabol of the York County Prison,  and Secretary Janet Napolitano of the Department of Homeland Security.  Service of the petition was previously ordered.

White identifies himself as being a native and citizen of Jamaica.  See Doc. 1, ¶ 6. Petitioner states that he entered the United States on December 1, 1992 as a

child with a visiting visa. His Petition acknowledges that he was convicted of possession with intent to deliver marijuana on June 7, 2012 in the "Municipal Court of Philadelphia County" and sentenced to a term of probation. Id. at ¶ 11. Removal proceedings were subsequently initiated and Petitioner asserts that he was taken into ICE custody on November 17, 2012.[1] According to the Petition, an Immigration Judge ordered White's removal from the United States on September 23, 2013. See id. at ¶ 15. White notes that he appealed that decision.

Petitioner's present action does not challenge the legality of his deportation. Rather, White indicates that his continued indefinite mandatory detention pending completion of his ongoing removal proceedings is a due process violation under the standards developed in Diop v. ICE/Homeland Security, 656 F.3d 221 (3d Cir. 2011). Petitioner seeks his immediate release from custody under an order of supervision.

**Discussion**

Federal district courts have jurisdiction in cases such as the present matter where the detainee is seeking immediate release on bond pending removal on the grounds that his continued ICE detention is unconstitutional. See Clarke v.

---

[1] Petitioner indicates that he was taken into ICE custody after violating the terms of his probation. See id. at ¶ 12.

Department of Homeland Security, 2009 WL 2475440 (M.D. Pa. Aug. 12, 2009)(Jones, J.).

It is equally well settled that the case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

On April 24, 2014, Respondents filed a "Suggestion of Mootness" with the Court.  See Doc. 7.  According to information provided by the Respondents, "White was granted cancellation of removal and released from ICE custody on November 26, 2013."  Id. at p. 1.

Since White has been released from ICE custody under the principles set forth in Steffel, his challenge to mandatory detention pending completion of his removal proceedings is subject to dismissal as moot since it no longer presents an existing case or controversy .  See Novas v. ICE, 303 Fed. Appx. 115, 118 n. 3 (3d Cir. 2008)(release from ICE custody moots habeas petition solely addressing the detention issue) ; Dehaney v. Sabol, No. 3:CV-11-616, 2012 WL 1417592 (M.D.Pa. April 24, 2012 (Nealon, J.).  An appropriate Order will enter.[2]

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[2]   In the event that the information provided to the Court is erroneous, Petitioner should promptly notify the Court so that this matter may be reopened.